IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARIN AB,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SKULLCANDY, INC.,<br><br>　　　　　Defendant. | Civil Action No. 24-275-RGA |

MEMORANDUM ORDER

Before me is Defendant's motion to dismiss for failure to state a claim. (D.I. 13). Defendant Skullcandy argues Plaintiff Earin's First Amended Complaint (D.I. 12) fails to state a claim of direct infringement. (D.I. 14 at 2). The motion has been fully briefed. (D.I. 14, 15, 16). For the reasons set forth below, Defendant's motion is **DENIED**.

I.     BACKGROUND

In March 2024, Plaintiff Earin filed a complaint against Defendant Skullcandy. (D.I. 1). Defendant filed a motion to dismiss the complaint. (D.I. 10). Plaintiff then filed a first amended complaint. (D.I. 12). Defendant then filed the pending motion to dismiss the first amended complaint. (D.I. 13).

Plaintiff alleges that Defendant has directly infringed at least claim 20 of U.S. Patent No. 9,402,120 ("the '120 Patent"). (D.I. 12 at 3, 15). The asserted patent is directed toward "wireless earbuds and to storage and charging of such earbuds." ('120 Patent at 1:6–7).

Claim 20 reads:

> A wireless earbud having an idle mode and an operational mode, the wireless earbud comprising:

1

>       an earbud housing;
>       a loudspeaker element;
>       a rechargeable battery; and
>       at least one main printed circuit board having disposed thereon circuitry for wireless radio communication, audio codec and earbud operation control;
>       wherein the circuitry is configured for automatic power preservation by:
>       detecting connection of said battery to a charger and in response entering the idle mode, wherein existing connections to a second wireless earbud and to a wireless audio streaming host device will be disconnected; and
>       detecting disconnection of said battery from said charger and in response entering the operational mode by:
>       attempting a true wireless stereo, TWS, reconnection with the second wireless earbud;
>       if the attempt is successful, operating the wireless earbud as a TWS audio receiver and otherwise operating the wireless earbud as a mono wireless audio receiver;
>       if operated as a TWS audio receiver, determining whether the wireless earbud is a master device or a slave device with respect to the second wireless earbud;
>       if the wireless earbud is determined to be a master device, attempting to reconnect with the wireless audio streaming host device and other known wireless audio streaming host devices if applicable; and
>       if reconnection with the wireless audio streaming host device fails, initiate [sic] a pairing procedure with the wireless audio streaming host device and other known wireless audio streaming host devices if applicable.

('120 Patent at 14:50–15:14).

## II.  LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility

standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (cleaned up)).

To satisfy the *Iqbal/Twombly* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint need only give the defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.*

### III. DISCUSSION

Defendant's motion to dismiss rests solely upon its assertion that Plaintiff fails to plead that Defendant's products "meet the final limitation" of Claim 20. (D.I. 14 at 1, 2). That final limitation reads: "[I]f reconnection with the wireless audio streaming host device fails, initiat[ing] a pairing procedure with the wireless audio streaming host device and other known wireless audio streaming host devices if applicable." ('120 Patent at 15:11–14). Defendant argues the complaint does not allege that the earbuds "initiate a pairing procedure with the same device after failing to connect." (D.I. 14 at 7). Defendant then discusses the series of screengrabs in Plaintiff's first amended complaint purporting to demonstrate what happens when reconnection between Defendant's product and the initial "wireless audio streaming host device" fails. (D.I. 14 at 6–10; *see* D.I. 12 at 11–15). Defendant claims that the screengrabs depicting an iPhone fail to show the earbuds connecting with an "other known" device. (D.I. 14 at 9–10; *see* '120 Patent at 15:13). Plaintiff's answering brief focuses on whether the construction of "known" is premature. (D.I. 15 at 9–10).

"[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012)). The "purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Nalco*, 883 F.3d at 1350 (citation omitted). Alleging that a specific product meets "each and every element of at least one claim" of an asserted patent is sufficient to plead direct infringement. *Disc Disease Sols.*, 888 F.3d at 1260.

In *Disc Disease*, the complaint dealt with a simple technology, identified the accused products by name and with photos, and alleged that the products met each and every element of the asserted claims, either literally or equivalently. *Id.* "These disclosures and allegations [were] enough to provide [the defendant] fair notice of infringement of the asserted patents." *Id.*

Though not as simple and mechanical as the spinal brace in *Disc Disease*, wireless earbuds are a relatively simple technology. Plaintiff's first amended complaint identifies at least one accused product by name—Rail ANC True Wireless earbuds—and provides a photo and illustration of the product. (D.I. 12 at 6–7, ¶¶ 22, 23). Plaintiff alleges that Defendant "has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 20, of the '120 patent" by "making, using, selling, and offering for sale" the Rail ANC True Wireless earbuds. (D.I. 12 at 3–4, ¶ 18). Plaintiff also alleges that Defendant's products "meet all elements of at least claim 20 of the '120 Patent." (D.I. 12 at 5, ¶ 20). Even without the additional facts and demonstrations provided, Plaintiff's first amended complaint has alleged all that is required to survive a Rule 12(b)(6) motion to dismiss.

If I were, hypothetically, to accept Defendant's construction of "known" as "previously paired" (D.I. 14 at 3, 9), the first amended complaint still provides facts that support an inference that Defendant's products meet this claim limitation. As I understand it, when put into their charging case, Defendant's Rail ANC True Wireless earbuds lose their connection to the paired host device. When removed from the case, they become available for pairing and automatically reconnect to the most recently paired device (i.e. an Android device), if available. (D.I. 12 at 13, ¶¶ 40–41). If the most recently paired device is unavailable and reconnection fails, the earbuds initiate a pairing procedure with other available host devices (i.e. an iPhone). (D.I. 12 at 15, ¶ 43). Even though the screengrabs of the iPhone (D.I. 12 at 14–15) do not appear to show a "previously paired" host device when demonstrating initiation of a pairing procedure, Plaintiff's complaint quotes Defendant's website as saying "each time you power on your earbuds they will automatically sync to the 2 most recently paired devices[.]" (D.I. 12 at 10, ¶ 32). I fail to see how the phrase "2 most recently paired devices" does not plausibly map onto (1) the most recently paired (and disconnected) "wireless audio streaming host device" and (2) an "other known wireless audio streaming host devic[e]." (*Id.*; '120 Patent at 15:11–14).

Defendant's protestations fall upon deaf ears. I find that Earin has plausibly alleged that use of Defendant's accused product directly infringes claim 20. For these reasons, Skullcandy's motion to dismiss for failure to state a claim is **DENIED**.

IV.   **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss (D.I. 13) is **DENIED**.

IT IS SO ORDERED.

Entered this 14th day of November, 2024

*/s/ Richard G. Andrews*
United States District Judge